# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOY WINSTON,

    *Petitioner*,

vs.

CAROLYN MYLES, *et al.*

    *Respondents*.

Case No. 2:12-cv-01844-JAD-CWH

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (Doc. 14) to dismiss and petitioner's motion (Doc. 23) for a ruling.  Having reviewed the parties' submissions, the Court concludes that the just course is to appoint counsel, decide the equitable tolling issues on a more fully developed factual record, and consider the potential propriety of an evidentiary hearing.[1]  The Court therefore *sua sponte* reconsiders and reverses its prior order (Doc. 10) denying Petitioner's motion to appoint counsel.  Doc. 4.  It also denies the motion to dismiss (Doc. 14) without prejudice to its reassertion and the presentation of all applicable defenses following the filing of a counseled amended petition.  However, as the local rules of this Court do not authorize litigants to request a ruling via motion as Petitioner does here, her request (Doc. 23)

---

[1] If an evidentiary hearing ultimately were to be ordered, appointment of counsel then would be mandatory under Rule 8(c) of the Rules Governing Section 2254 cases.

for a ruling on the motion to dismiss is denied.

**A.    Motion to Dismiss**

Petitioner Joy Winston challenges her Nevada state burglary conviction entered after her plea of guilty but mentally ill.  Her notice of appeal was filed shortly before the expiration of the federal limitations period but alleged no specific claims to which later-filed claims could relate back.  The federal petition was thereafter constructively filed nearly sixty days after the federal limitations period expired on its face, and absent some basis for tolling, the petition must be dismissed as fatally late.[2]  Petitioner presents a number of alleged bases for equitable tolling, including alleged mild retardation or mental illness, intervals without assistance or adequate assistance from other inmates, delays in obtaining copies of state court records and legal files both before and after state post-conviction proceedings, and perhaps errant decisions by inmates who helped her with her challenge to her conviction.

---

[2]The specific date in November 2012 on which the federal limitation period facially expired would be different by 11 days if the prison mailbox rule were used – for the purposes of applying federal law in 28 U.S.C. § 2244(d)(2) – in determining a constructive filing date of the state post-conviction petition for tolling purposes under federal law.  This issue potentially will be before the Ninth Circuit in *Orpiada v. McDaniel*, which is docketed under No. 12-17131 in the Court of Appeals and No. 3:11-cv-00013-RCJ-VPC in this Court.  Judge Jones held in *Orpiada* that the prison mailbox rule does not apply in this context in Nevada cases given that the prison mailbox rule does not apply to determine the filing date of a state petition to determine the timeliness of the petition under state law.  A number of prior orders have suggested to the contrary that, the state law rule notwithstanding, the prison mailbox rule nonetheless applies in determining the filing date of the state petition for purposes of applying the federal law tolling rule under § 2244(d)(2).  *See, e.g., Woods v. Nevens*, No. 2:07-cv-01389-LRH-RJJ, Doc. 32, at 2 n.4 (D. Nev. April 7, 2009).  It would appear that *Orpiada* may produce a controlling holding on the issue by the Ninth Circuit.

In this case, the 11-day difference in dates would not be determinative in and of itself.  The notice of appeal was filed in this action before both possible November 2012 facial expiration dates.  The federal petition was filed after both November 2012 dates.  A later expiration date, however, possibly could interact with other tolling arguments in this case, in which the federal petition was filed only a relatively short time after the facial expiration of the federal limitation period.  The pending issue in *Orpiada* thus provides an additional factor weighing in favor of developing a full record in this matter, while *Orpiada* also is under consideration, prior to rendering any definitive ruling on the timeliness issue.

**1.    Equitable tolling in the Ninth Circuit**

The Ninth Circuit recently summarized the legal principles applicable to a claim of equitable tolling as follows:

> Beyond statutory tolling, federal habeas petitioners may also be entitled to equitable tolling of the statute of limitations. "[A] petitioner is entitled to equitable tolling only if [she] shows (1) that he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."
>
> After *Holland* [*v. Florida*], we have continued to rely on our previous equitable tolling cases in which we held that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness." "[T]he requirement that extraordinary circumstances 'stood in [her] way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'"
>
> Nonetheless, "[g]rounds for equitable tolling under § 2244(d) are 'highly fact-dependent.'" Moreover, the Supreme Court has "made clear that often the exercise of a court's equity powers ... must be made on a case-by-case basis . . . [We] recognize that courts of equity can and do draw upon decisions made in other similar cases for guidance. Such courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case."

*Sossa v. Diaz*, 729 F.3d 1225, 1229-30 (9th Cir. 2013)(internal citations omitted).[3] *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010), outlines the Ninth Circuit's two-part test for determining if a mental illness or impairment warrants equitable tolling:

> (1)   *First*, a petitioner must show [her] mental impairment was an "extraordinary circumstance" beyond [her] control . . . by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered [her] unable

---

[3] *See also Harris*, 515 F.3d at 1054 n.5 ("Despite the unequivocal "impossibility" language in our standard, we have not insisted that it be literally impossible for a petitioner to file a federal habeas petition on time as a condition of granting equitable tolling. We have granted equitable tolling in circumstances where it would have technically been possible for a prisoner to file a petition, but a prisoner would have likely been unable to do so. . . .").

-3-

       personally to prepare a habeas petition and effectuate its filing.

 (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent [she] could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. . . .

628 F.3d at 1099-1101 (emphasis in original)(footnotes omitted).

  A habeas petitioner should receive an evidentiary hearing when she makes a good faith allegation that, if true, would entitle her to equitable tolling. *Stewart v. Cate*, 734 F.3d 995, 1007 (9th Cir. 2013); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). In determining whether a *pro se* petitioner's allegations warrant an evidentiary hearing, the court liberally construes her allegations. *Roy*, 465 F.3d at 970. Additional factual development is required where the current record "does not clearly answer" the question of whether, *inter alia*, extraordinary circumstances caused the untimely filing and where it thus cannot be conclusively determined that the petitioner is not entitled to equitable tolling. *Porter v. Ollison*, 620 F.3d 952, 961-62 (9th Cir. 2010); *see also Munoz v. Smith*, 2013 WL 5228220, slip op. at *2 (9th Cir. Sept. 18, 2013) (unpublished). When mental illness or impairment is alleged, the record must be adequately developed as to that condition before the district court properly can rule on the equitable tolling issues. *See, e.g., Laws*, 351 F.3d at 924.

  **2. Petitioner should be permitted to develop the record on the equitable tolling issue with the assistance of counsel.**

  A declaration by Eleanor Sarmiento, a lay inmate assisting Winston, suggests that Sarmiento's mistaken belief that Winston's state direct appeal was timely at least in part caused her to not file the federal habeas petition before the expiration of the limitations period. In isolation and without regard to other factors, this alleged circumstance of error or miscalculation typically would not provide a basis for equitable tolling. *See, e.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). But Sarmiento's declaration also reflects that she based her initial understanding of the prior state court procedural history on what was stated to her by petitioner.[4] The Court cannot determine on the present record the extent to which any alleged mild mental retardation or mental illness

---

[4] *See* Doc. 19, at electronic docketing pages 22-23.

potentially may have impacted petitioner's ability to provide material information to the inmate assisting her, perhaps causally contributing to the untimely filing.

The Court is sensitive to the inherent difficulty faced by a lay inmate with an alleged mental illness or impairment in litigating the extent of her limitation, even with the assistance of another inmate. Moreover, under the applicable regulations, the petitioner is permitted to access her institutional medical records only under limited supervised circumstances in the prison medical department; she may not take a copy of her records outside the medical department, and no other inmate may see her medical records or obtain prior medical records from outside the institution. A lay inmate assisting the petitioner of course likely would not be qualified to provide competent expert evidence independently assessing the petitioner's mental health and capability—over and above her own lay observations of how the petitioner appeared to her. Thus, even where an evidentiary hearing is not required, appointment of counsel generally is advisable so that an adequate medical record can be developed in connection with the petitioner's mental health and residual functional capacity.

Respondents note that petitioner was found competent to assist in her defense. But a competency finding in the original criminal proceeding is not necessarily dispositive of an equitable tolling issue based at least in part on a claim of a mental illness or impairment. An arguable ability to assist an experienced criminal defense attorney may not correlate to an ability to timely pursue post-conviction relief—whether alone or with the assistance of another lay inmates untrained in the law. And competence at the time of the criminal proceeding does not necessarily dictate the petitioner's condition during the time period in which equitable tolling is sought. *See, e.g., Laws*, 351 F.3d at 924. The Court accordingly will appoint counsel for petitioner and defer any determination as to equitable tolling until the issue is fully briefed with the assistance of counsel.

### 3. No other viable basis for dismissal

Respondents' remaining arguments do not establish any independent, viable basis for dismissal. Respondents contend that Ground 1 is barred under *Tollett v. Henderson*, 411 U.S. 258 (1973), which precludes relief on claims based upon pre-plea circumstances, including ineffective assistance of counsel, following the plea. Reading the entirety of the *pro se* pleadings fairly,

however, petitioner alleges in Ground 1 that she would not have pled guilty had her counsel, *inter alia*, developed allegedly available exculpatory evidence to defeat the charge.[5] *Tollett* does not bar claims attacking the voluntary and intelligent character of the guilty plea due to alleged ineffective assistance of counsel, 411 U.S. at 267, and even the state supreme court did not view the corresponding claim in state court to be barred by *Tollett*.[6]

Respondents also contend that Ground 2 is barred by procedural default. In this ground, petitioner alleges at least in principal part that the plea agreement was defective because of alleged confusion as to the charge and charging instrument on which she was entering her plea.[7] Respondents contend that the state supreme court rejected this claim based upon a purported procedural bar under Nev. Rev. Stat. §34.810(1)(a), which requires the court to dismiss a petition if it determines that "The petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel." The Court is not persuaded on the current pleadings and record.

First, it is not clear that Ground 2 was included within the claims to which the state supreme court applied NRS 34.810(1)(a); it applied the provision to "a number of unintelligible claims relating to an alleged breach of the plea agreement and failure to provide evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963)."[8] Thus, it does not appear on the showing made that federal Ground 2 falls within the ambit of the claims referenced by the state supreme court.

Second, the Court is not convinced that a procedural default would be the natural consequence of the application of the cited authority. The state supreme court held that the claims "fell outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus

---

[5]See Petition, at 3; Supplemental Petition, at 3-12, 16 & 21; State Petition, at 2-25 (all in Doc. 11).

[6]See Doc. 17, Ex. 89, at 2-3.

[7]See Petition, at 5; Supplemental Petition, at 16-21(in Doc. 11).

[8]Doc. 17, Ex. 89, at 3.

challenging a judgment of conviction based upon a guilty plea" under NRS 34.810(1)(a). If petitioner did not raise the claims through the appropriate procedural vehicle, then that is a matter of fair presentation and exhaustion, not procedural default.[9] If the claims instead failed to state a claim for relief pursuant to (essentially) a codification of the *Tollett* rule, that is a merits issue, not one of procedural default. Merely because N.R.S. 34.810 contains other rules that do constitute actual procedural bars does not necessitate a conclusion that a codification of the *Tollett* merits rule also in the same state statute turns such a merits rule instead into a procedural default rule. Plus, the claims asserted in the supplemental petition submitted with the petition in this matter are not necessarily limited to only the two grounds identified by respondents as to which they seek dismissal. Accordingly, the Respondents have not offered any other viable basis for dismissal of the petition at this time, and the motion will be denied without prejudice.

**B.  Request for Review**

Winston filed a "Request for Review" on what appears to be a pre-printed document that she may have obtained from the prison library. Doc. 23. It cites "4JDCR Rule 11.15," which purportedly provides that "Any party may file a Request for Review whenever a motion is at issue" and five days has passed since the service of the opposition. Doc. 23 at 1. The Court is not certain where this rule comes from, but it is not the controlling rule in this district. The analogous rule in this Court is the District of Nevada's Local Rule 7-6(b). That rule does not permit the filing of a motion or request for review in the format submitted by Winston at Document 23. Instead, the rule permits a party to "send **a letter to the Court**" after a motion has been fully briefed and pending without decision for more than 60 days. L.R. 7-6(b). The Court strongly cautions Winston that any

---

[9] The Court would trust that Nevada state law does provide a procedural vehicle for presenting a claim of, *e.g.,* a breach of a plea agreement. If it does not, then exhaustion of such a claim would not be required due to an absence of available state corrective process. See 28 U.S.C. § 2254(b)(1)(B)(i). Meanwhile, assuming that there is such an available remedy under state law, the Court is hard pressed to conclude that the application of NRS § 34.810(1)(a) to such a claim in a state post-conviction proceeding would result in the claim thereafter being procedurally *barred* in other proper proceedings because the petitioner presented the claim in an arguably incorrect procedural vehicle initially.

future attempt to roust the court for a decision in the future must be made in compliance with Local Rule 7-6(b), not the form motion that cites to 4JDCR Rule 11.15.

**Conclusion**

IT THEREFORE IS ORDERED that:

1. Respondents' motion to dismiss **(Doc. 14) is DENIED** without prejudice;

2. Petitioner's motion for a ruling **(Doc. 23) is DENIED**;

3. On *sua sponte* reconsideration, petitioner's motion for appointment of counsel **(Doc. 4) is GRANTED**; the portion of Order #10 denying the motion for appointment of counsel is hereby vacated and set aside. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw;

4. The Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013);

5. Counsel shall send a hard copy of all state court record and related exhibits filed to, for this case, the **Las Vegas Clerk's Office**.

6. The Clerk accordingly shall SEND a copy of this order, over and above the electronic notice to respondents, to the *pro se* petitioner in proper person, the Federal Public Defender, and the CJA Coordinator for this Division. The Clerk further shall provide the Federal Public Defender with copies of all prior filings herein, by regeneration of notices of electronic filing or through such other means as is expedient for the Clerk.

DATED this 25th day March, 2014

_____
JENNIFER A. DORSEY
United States District Judge