UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOY WINSTON,

    Plaintiff

v.

CAROLYN MYLES, et al.,

    Defendants

Case No. 2:12-cv-01844-JAD-CWH

**Order Staying Case Pending Final Resolution of Petitioner's Postconviction Habeas Petition, Granting Motion to File a Second Amended Opposition to Motion to Dismiss, and Denying Motion to Dismiss**

**[ECF 49, 59, 73]**

Defendants move to dismiss—and petitioner Joy Winston moves to stay pending the conclusion of her state postconviction proceedings—this federal habeas petition.[1] Winston also moves for leave to file a second amended opposition to the motion to dismiss.[2] I find that a stay is warranted under *Rhines v. Weber*, allow Winston to file her second amended opposition, and deny without prejudice the motion to dismiss.

### Discussion

In *Rhines v. Weber*, the United States Supreme Court placed limitations on the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present h[er] claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust h[er] claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant h[er] a stay when h[er] unexhausted claims are plainly meritless.[3]

---

[1] ECF 49, 59.

[2] ECF 73.

[3] *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (citing 28 U.S.C. § 2254(b)(2) (holding that "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State")).

The Court reasoned, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for h[er] failure to exhaust, h[er] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[4] Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.[5]

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."[6] "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[7] Suggesting that the standard is not particularly stringent, the Supreme Court stated in *Pace v. DiGuglielmo* that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse h[er] failure to exhaust."[8]

Winston's amended petition contains two grounds for relief.[9] She acknowledges that ground 1 and ground 2(C) are unexhausted.[10] She states that she has filed a counseled, postconviction petition raising both grounds that is currently pending in state court.[11] Thus, she seeks a stay of these federal proceedings while she litigates her state petition.

---

[4] *Id.* at 278.

[5] *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).

[6] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

[7] *Id.*

[8] *Pace v. DiGuglielmo*, 544 U. S. 408, 416 (2005) (citing *Rhines*, 544 U .S. at 278); *see also Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005) (holding that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

[9] ECF 32.

[10] ECF 59.

[11] *Id.* at 2.

In federal ground 1 Winston claims that she is—and was—incompetent and, therefore, she did not enter her guilty plea knowingly and voluntarily.[12] She admits that she had been evaluated to some degree by mental health experts in the past. But Winston contends that the evidentiary basis for federal ground 1 was only discovered when her counsel in this federal case arranged a comprehensive neuropsychological evaluation that revealed the extent of her serious mental impairments.[13]

In federal ground 2(C), Winston contends that trial counsel rendered ineffective assistance when he failed to challenge the prior convictions used to enhance her sentence as invalid based on her incompetence.[14] Winston argues that the state courts' failure to appoint postconviction counsel for her constitutes good cause for her failure to exhaust this ground.

The Ninth Circuit has held that a valid claim of ineffective assistance under *Martinez v. Ryan* (which would also encompass the absence of counsel) that would establish "cause" for overcoming a default is also sufficient to justify a stay for purposes of exhausting the petitioner's claims.[15] Winston argues that the newly discovered evidence of the severity of her mental impairments is a circumstance beyond her control that prevented her from raising these claims previously. Winston's allegation that the severity of her mental impairments has only recently been ascertained is intertwined with all aspects of her case, including the timeliness of this action and certainly her ability to exhaust her claims in state court. She has demonstrated good cause under *Rhines* for failing to exhaust certain claims prior to filing her federal petition. In reaching this conclusion, I decide only the preliminary procedural issue of whether this federal action should be stayed while

---

[12] ECF 32 at 5–10.

[13] ECF 59 at 4–5; Ex. 62.

[14] ECF 32 at 16–18.

[15] *Blake*, 745 F.3d at 983–84 (holding that "cause" under *Rhines* "cannot be any more demanding" than the *Martinez* standard); *id.* at 984 fn. 7 (noting that the Supreme Court has suggested the *Rhines* standard is more liberal).

Winston pursues further exhaustion in the state courts.[16] I reserve judgment on the merits of her unexhausted habeas claims and the question of whether any procedural default of those claims should be excused.[17]

For the second prong of the *Rhines* test, respondents argue that the issue of Winston's mental health was "extensively litigated" and that the unexhausted grounds are "plainly meritless."[18] In light of Winston's 2014 neuropsychological evaluation, however, at this time, the grounds are not plainly meritless. Respondents do not argue that Winston has engaged in dilatory tactics. Accordingly, I determine that Winston has satisfied the criteria for a stay and abeyance under *Rhines*, and her motion for a stay and abeyance of this federal habeas corpus proceeding is granted. Winston, through counsel, will need to file a motion to lift the stay and re-open this case after her state postconviction proceedings have concluded. In light of the stay, respondents' motion to dismiss[19] is denied without prejudice to the filing of a new or renewed motion to dismiss after the resolution of Winston's state postconviction litigation.

## Conclusion

IT IS THEREFORE ORDERED that petitioner's motion for issuance of stay and abeyance of this federal habeas corpus proceeding **[ECF 59] is GRANTED**.

IT IS FURTHER ORDERED that **this action is STAYED pending final resolution of petitioner's postconviction habeas petition**. To lift the stay, petitioner must return to federal court with a motion to reopen this case within 45 days of the issuance of the remittitur by the Supreme

---

[16] *See Blake*, 745 F.3d at 984 (satisfaction of the *Rhines* good-cause standard "only permits a petitioner to return to state court . . . to exhaust his unexhausted claims" and thus does not require a stronger showing than that required to establish cause under *Martinez* to overcome a procedural default).

[17] *Cf. Gonzalez*, 667 F.3d 965, 979–80 (9th Cir. 2011), cert. denied, 133 S. Ct. 155 (2012) (noting that, in the circumstances presented, a stay was appropriate because it provided the state courts with the first opportunity to resolve a Brady claim based upon evidence developed on federal habeas review).

[18] ECF 67 at 3.

[19] ECF 49.

Court of Nevada, at the conclusion of the state court proceedings on the postconviction habeas petition.

IT IS FURTHER ORDERED that petitioner's motion to file a second amended opposition to the motion to dismiss **[ECF 73] is GRANTED.  The Clerk of Court is directed to DETACH AND FILE the second amended opposition to the motion to dismiss [ECF 73 at 11–40] and administratively close this action.**

IT IS FURTHER ORDERED that respondents' motion to dismiss **[ECF 49] is DENIED** without prejudice.

DATED: December 11, 2015

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE